In re SORKIN.

(District Court, S. D. New York. May 8, 1908.)

BANKRUPTCY (§ 237*)—REFEREES—CONTEMPTS—REFUSAL OF BANKRUPT TO PRODUCE BOOKS.

A bankrupt, who persistently refuses to obey the orders of the referee to appear and testify, and especially orders to produce his books, which he had in his possession immediately prior to his bankruptcy and fails to give satisfactory reasons for such refusal, is guilty of a contempt of the court, and punishable by imprisonment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 405; Dec. Dig. § 237.*]

In Bankruptcy. On motion to punish the bankrupt for contempt. On certificate of referee.

Motion to punish the bankrupt for contempt upon the certificate of the receiver in bankruptcy. The certificate of the referee in charge shows the following:

On April 2, 1908, the first meeting of creditors was duly held. The bankrupt was not present in person, but was represented by counsel. The referee at that time orally directed the bankrupt to appear at the adjourned hearing, and at that time to produce his books of account. On April 4th the referee made a written order directing the bankrupt to deliver his books of account to the trustee. On April 9th the bankrupt appeared before the referee, and the order of April 4th was exhibited to him; but he failed, either then or at any time thereafter, to deliver to the trustee any of his books. The referee certifies that the bankrupt was guilty of contempt for the violation of the orders of April 2d and 4th. On April 9th the bankrupt was directed to reappear before the referee on April 16th, the adjourned date of the first

hearing. On the 16th the bankrupt failed to appear, and the referee has certified this as a further contempt of court. On the 16th of April the referee stated that, if the bankrupt failed to appear at the next adjourned meeting, he would certify his conduct as a contempt of court, and adjourned the meeting to the 23d of April. On the 23d of April, the bankrupt again failed to appear.

Upon the referee's certificate, and upon the various affidavits showing that the bankrupt on the eve of his bankruptcy proceedings had possession and control of his books of account, this court thereupon, on the trustee's petition, made an order directing the bankrupt to appear personally and show cause why he should not be punished for the contempts above set forth. A hearing was had, and the bankrupt was examined and given an opportunity to purge himself of his various contempts and to explain his failure to deliver his books to the trustee and his failures to appear. His explanations were unsatisfactory to the court.

Abram I. Elkus, James N. Rosenberg, and Robert P. Levis, for the motion.

Julius G. Kremer, opposed.

HOUGH, District Judge (orally). Under the provisions of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) the referee holds court, and when the referee certifies that the bankrupt is in contempt of this court, or of that portion or section of this court which the referee holds, there may be circumstances under which the referee's certificate may be traversed; but, having given Sorkin an opportunity to suggest any reasonable ground of traverse, I find he has none. His statement about the various adjourned days is extremely unsatisfactory and as to the first adjournment from April 9th to April 16th I unhesitatingly say that I do not believe him. When a man pleads what may be called a religious privilege, and feels, as I assume many men do feel, conscientious scruples about attending to business on a certain day, namely, the 16th of April, that is very well; but, when that same man tells me that he did not on the 9th of April remember that the 16th of April would be such a holy day that he could not attend court, I do not believe what he says. So far as his books are concerned, he is confounded by the interview, which was stenographically taken down, between himself and Mr. McKenna. The bankrupt knew he had these books on January 13th, and when he says that he has not seen and does not know anything about them since the 3d day of January he is not telling the truth. Be that as it may, he had full opportunity to make explanation concerning the books to the referee on some one of the numerous days that the referee set for hearing.

There is nothing more to say, except as to what punishment shall be ordered. The record before the court shows a persistent disregard for and carelessness with respect to the referee's orders. The inclination of a certain class of bankrupts is not to recognize the authority of referees' orders. This has, of late, been somewhat growing, and must be sternly repressed. The disregard of the referee's orders regarding his books is the most substantial offense of which this man is guilty; his only excuse incredible.

On deposit of the necessary funds, Sorkin will be committed for six months.